805 F.2d 1035
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Luis Thomas Jacob LEAL, Plaintiff-Appellant,
v.
UNITED STATES of America, Reagan Administration, Joe
Berkowitz, J & M Construction; MTV; ABC; WGPR, NBC; CBS;
ACLU; WRQN; Cable Network News; ESPN; Congressional
Ethics Committee; WIOT; Barber, Buckenmeyer, & Assoc.
Government Ethics; City of Toledo; Supreme Court of Ohio
Disciplinary Counsel; Richard Macmillan, Frazier, Barker,
Clemens & Purdue; Richard Celeste--Governor, Toledo Trust,
Defendants-Appellees.
 No. 86-3330.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1986.
 
 Before LIVELY and MERRITT, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 This matter is before the Court for consideration of the motions to dismiss tendered by various defendants. Appellant has responded in opposition to the motion to dismiss filed by defendants MTV, the American Civil Liberties Union and the Attorney General of the State of Ohio. The appeal has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's brief, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On April 23, 1985, appellant filed his complaint in which he alleges that the defendants conspired to steal a "Computer Data Security System" developed by appellant and otherwise deprive him of his constitutional rights. Appellant also filed an application for a preliminary injunction to prevent defendants from utilizing the results of appellant's "Latino Athlete" computer analysis service without paying appellant for such service.
 
 
 3
 It appears that all of the defendants moved to dismiss for failure to state a claim upon which relief could be granted or because they were not named in the complaint, though they were served with summonses. The matter was referred to a magistrate who determined that defendants WRQN, the United States/Reagan Administration, Congressional Ethics Committee, WGPR, WIOT, ABC and ESPN, CBS, MTV, ACLU of Ohio Foundation, ACLU, City of Toledo, Toledo Trust Co., Barber, Buckenmeyer and Associates, and Richard MacMillan should be dismissed from the action. As to the remaining defendants, the magistrate recommended sua sponte dismissal for failure to state a claim. With respect to the various motions filed by appellant, on January 27, 1986, the magistrate ordered that the motions (1) for leave to amend the complaint; (2) for default judgment; (3) for discovery; (4) for leave to file vacate order; (5) for leave to amend motion for default; (6) for leave to file motion for rehearing; (7) to remove records; (8) to stay proceedings; (9) to compel answers to interrogatories; (10) to file additional memorandum be denied. Appellant filed objections to the magistrate's report and recommendation and order overruling the various motions on February 5, 1986.
 
 
 4
 The district court entered an opinion, order and judgment on April 3, 1986, adopting the magistrate's report and recommendation and denying appellant's motion for a certificate of probable cause (because this action is not a habeas corpus proceeding). It is from that order and judgment that appellant seeks an appeal.
 
 
 5
 The motions to dismiss this appeal are all based on the appellees' contention that because appellant did not timely file objections to the magistrate's report and recommendation, appellant's right to appeal has been waived pursuant to Thomas v. Arn, --- U.S. ---, 106 S.Ct. 446 (1985). Apparently, none of the defendants were served with copies of appellant's objections.
 
 
 6
 With respect to the merits of appellant's appeal, it appears that the district court properly dismissed the action. The complaint is vague and conclusory in nature. Subsequent to the various motions to dismiss filed by the defendants in the proceedings in district court, appellant filed a motion for leave to amend his complaint. As previously noted, the motion to amend his complaint was denied on the basis that even if appellant were permitted to amend his complaint, he would still fail to state a claim upon which relief could be granted.
 
 
 7
 It appears that the questions on which this cause depends are so lacking in merit as to not require further argument. Rule 9(d)(2), Rules of the Sixth Circuit. In conclusion, it is ORDERED that the order of the district court dismissing the action be affirmed.